

U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

SEALED

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

September 6, 2011

Steven J. McCool, Esquire
Mallon & McCool
1776 K Street, N.W.
Suite 200
Washington, D.C. 20006

Re:  **Young "Alex" N. Cho**

Dear Mr. McCool:

This letter sets forth the full and complete plea offer to your client, Young N. Cho, also known as Alex N. Cho, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter, "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

1. **Charges and Statutory Penalties**

Your client agrees to waive grand jury indictment, waive any objections to venue, and plead guilty to a criminal Information, a copy of which is attached, which charges one count of conspiracy to commit bribery, money laundering, and wire fraud, and to defraud the United States, a felony violation of Title 18, United States Code, Sections 371, and one count of bribery, a felony violation of Title 18, United States Code, Section 201(b)(1).

Your client understands that pursuant to 18 U.S.C. § 371, the maximum sentence that can be imposed for conspiracy to commit bribery, money laundering, and to defraud the United States is five years imprisonment, a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release, an order of restitution, an order of forfeiture, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

Your client understands that pursuant to 18 U.S.C. § 201, the maximum sentence that can be imposed for bribery is 15 years imprisonment, a fine of $250,000, or a fine of three times the

monetary equivalent of the thing of value given, offered, or promised to a public official, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release, an order of restitution, an order of forfeiture, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

In consideration of your client's plea to the above offenses, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense or disclosed to this Office or the Federal Bureau of Investigation ("FBI") prior to the date of this Agreement. Your client agrees that with respect to any and all dismissed charges your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

### 2. Factual Stipulations

Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

### 3. Sentencing Guidelines Stipulations

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2010) (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

#### A. Offense Level under the Guidelines

The parties agree that the following Sentencing Guidelines sections apply:

| | | |
|---|---|---|
| § 2C1.1(a)(2) | Base Offense Level | 12 |
| § 2C1.1(b)(1) | More than one bribe | 2 |
| § 2C1.1(b)(2) | More than $7,000,000 in payments | 20 |
| § 3B1.1(c) | Aggravating Role (organizer, leader, manager, or supervisor) | 2 |
| Total | | 36 |

The parties agree that the conspiracy offense and the bribery offense group together for purposes of the Guidelines under U.S.S.G. § 3D1.2.

### B.    Acceptance of Responsibility: 3-Level Reduction

This Office agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a), provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of this Office, through your client's allocution, *adherence to every provision of this Agreement,* and subsequent conduct prior to the imposition of sentence. Furthermore, assuming your client has accepted responsibility as described in the previous sentence, this Office agrees that an additional 1-level reduction would be appropriate, pursuant to § 3E1.1(b), U.S.S.G., because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

**Total Preliminary Offense Level 33.**

### C.    Outstanding Guidelines Issue

#### i.    Enhancement under § 2C1.1(b)(3)

This Office reserves the right to maintain at sentencing that a four-level enhancement applies under § 2C1.1(b)(3) because the offense involved a public official in a high-level decision-making position. Your client reserves the right at sentencing to argue that an enhancement should not apply under § 2C1.1(b)(3).

#### ii.    Enhancement under § 3C1.1

This Office reserves the right to maintain at sentencing that a two-level enhancement applies under § 3C1.1 because the offense involved obstructing or impeding the administration of justice. Your client reserves the right at sentencing to argue that an enhancement should not apply under § 3C1.1.

#### iii.    Downward Departure under § 5K2.16

This Office reserves the right to maintain at sentencing that a downward departure under § 5K2.16 does not apply. Your client reserves the right at sentencing to argue for up to a four-level downward departure under § 5K2.16 if it is determined that your client voluntarily disclosed the existence of, and accepted responsibility for, the offenses prior to their discovery and the offenses were unlikely to have been discovered otherwise.

#### iv.    Downward Departure under Smith

This Office reserves the right to maintain at sentencing that a downward departure under *Smith v. United States,* 27 F.3d 649 (D.C. Cir. 1994) does not apply. Your client reserves the right

at sentencing to argue that a two-level departure should apply under *Smith* due to the possibility that if your client's immigration status changes to that of a deportable alien, your client may be subjected to harsher conditions of imprisonment than an otherwise identical citizen would face.

### D.  Criminal History Category and Applicable Guidelines Range

The parties agree that, based upon information available to them to date, your client is a Criminal History Category II.

Your client understands that based on the Court's determination of the outstanding Guidelines issue under § 2C1.1(b)(3), § 3C1.1, § 5K2.16, and *Smith*, as previously referenced, his offense level total with acceptance of responsibility could be as low as level 27 (78-97 months, assuming Criminal History Category II) or as high as level 39 (292-365 months, assuming Criminal History Category II). Your client understands that based on the Court's determination of your client's offense level, the applicable fine range under the Guidelines will range from $12,500-$125,000 for level 27 up to $25,000-$250,000 for level 39.

### 4.  Agreement as to Sentencing Allocution

The parties further agree that a sentence within the applicable Guidelines Range established by the Sentencing Guidelines (including downward departures under *Smith* and § 5K2.16), if determined in accordance with the parties' stipulations in this Agreement, would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). However, the parties agree that either party may seek a sentence outside of the Guideline Range established by the Sentencing Guidelines and may suggest that the Court consider a sentence outside of that Guidelines Range based upon the factors to be considered in imposing sentence pursuant to Title 18, United States Code, Section 3553(a).

Nothing in this Agreement limits the right of this Office to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. §3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G. §3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea once it is entered, or should it be determined that your client has either (i) engaged in conduct, unknown to this Office at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

### 5.  Cooperation with this Office

Your client agrees to cooperate with this Office on the following terms and conditions:

(a)   Your client shall cooperate fully, truthfully, completely, and forthrightly with this Office and other Federal, state, and local law enforcement authorities identified by this Office in any and all matters as to which this Office deems the cooperation relevant. Your client acknowledges that your client's cooperation may include, but will not necessarily be limited to: answering

questions; providing sworn written statements; taking government administered polygraph examinations(s); and participating in covert law enforcement activities. Any refusal by your client to cooperate fully, truthfully, completely, and forthrightly as directed by this Office and other Federal, state, and local law enforcement authorities identified by this Office in any and all matters in which this Office deems your client's assistance relevant will constitute a breach of this Agreement by your client, and will relieve this Office of its obligations under this Agreement, including but not limited to its obligation to file a departure motion pursuant to Section 5K1.1 of the Federal Sentencing Guidelines and/or 18 U.S.C. § 3553(e). Your client agrees, however, that such breach by your client will not constitute a basis for withdrawal of your client's plea of guilty or otherwise relieve your client of his obligations under this Agreement.

(b)     Your client shall promptly turn over to this Office or other law enforcement authorities or direct such law enforcement authorities to any and all evidence of crime; all contraband and proceeds of crime; and all assets traceable to such proceeds of crime. Your client agrees to the forfeiture of all assets which are proceeds of crime or traceable to such proceeds of crime as described further below.

(c)     Your client shall submit a full and complete accounting of all your client's financial assets, whether such assets are in your client's name or in the name of a third party.

(d)     Your client shall testify fully, completely, and truthfully before any and all grand juries in the District of Columbia, and elsewhere, and at any and all trials or cases or other court proceedings in the District of Columbia and elsewhere, at which your client's testimony may be deemed relevant by this Office.

(e)     Your client understands and acknowledges that nothing in this Agreement allows your client to commit any criminal violation of local, state, or federal law during the period of your client's cooperation with law enforcement authorities or at any time prior to the sentencing in this case. The commission of a criminal offense during the period of your client's cooperation or at any time prior to sentencing will constitute a breach of this Agreement and will relieve this Office of all of its obligations under this Agreement, including but not limited to its obligation to file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. § 3553(e). However, your client acknowledges and agrees that such a breach of this Agreement will not entitle your client to withdraw your client's plea of guilty or relieve your client of his obligations under this Agreement. Your client further understands that, to establish a breach of this Agreement, this Office need only prove your client's commission of a criminal offense by a preponderance of the evidence.

Your client understands that if he falsely implicates a person in the commission of a crime, or exaggerates the involvement of any person in the commission of a crime in order to appear to cooperate, or if he falsely minimizes the involvement of any person in the commission of a crime in order to protect that person, your client will be in violation of the terms of this Agreement. Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any

crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the United States reserves the right to prosecute him for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw his guilty plea.

Your client understands that the determination of whether your client has provided substantial assistance pursuant to either Section 5K1.1 of the Sentencing Guidelines or 18 U.S.C. § 3553(e), as more fully explained later in this Agreement, is within the sole discretion of the United States Attorney's Office for the District of Columbia and is not reviewable by the Court. Your client understands that if this Office does not file a motion for downward departure, the Court may not grant a downward departure pursuant to Section 5K1.1 of the Sentencing Guidelines or 18 U.S.C. § 3553(e). In any event, your client specifically agrees not to seek a downward departure, without Government motion, based on any assistance provided in the investigation(s) or prosecutions(s) of another person(s) who has committed a federal, state, local, or any other offense. Your client agrees and acknowledges that the failure of this Office to file a substantial assistance departure motion shall not be grounds for your client to move to withdraw your client's plea of guilty in this case or otherwise relieve your client of his obligations under this Agreement.

This Office will bring to the Court's attention at the time of sentencing the nature and extent of your client's cooperation or lack of cooperation, and at the defendant's request, this Office will inform the appropriate immigration authorities about the nature and extent of your client's cooperation.

This Office will inform the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia about the nature and extent of your client's cooperation. If the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia, after evaluating the full nature and extent of your client's cooperation, determines that your client has provided substantial assistance, then this Office will file a departure motion pursuant to Section 5K1.1 and 18 U.S.C. § 3553(e). In the event this Office, in its sole discretion, decides to file a departure motion pursuant to Section 5K1.1 and 18 U.S.C. § 3553(e), your client will be afforded an opportunity to persuade the Court that he should be sentenced to a lesser period of incarceration than otherwise required by either the Sentencing Guidelines or any applicable mandatory minimum sentence established by statute. However, notwithstanding a determination by the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia that your client has provided substantial assistance, in the event your client should fail to specifically perform and fulfill completely each and every one of your client's obligations under this Agreement, then, this Office will be free from its obligations under the Agreement, including but not limited to its obligations to file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. § 3553(e).

Subject to your client's adherence to every provision of this Agreement, including his obligations to cooperate with this Office, this Office agrees to maintain at sentencing, and to file all necessary documents with the Court to reflect, that your client's forfeiture money judgment be the value of the proceeds retained by your client, by Nova Datacom, or by any former or current principals of Nova Datacom arising from the conduct described in the Statement of Offense (less credits for forfeiture payments made to the United States by your client, by Nova Datacom, or by any of its current or former principals arising from the conduct described in the Statement of Offense).

Subject to your client's adherence to every provision of this Agreement, including his obligations to cooperate with this Office, this Office agrees to recommend at sentencing that the Court apportion liability for restitution to reflect your client's role in the offenses charged in the Information.

### 6. **Immigration**

Currently your client is a lawful permanent resident of the United States but is not a United States citizen. Your client understands that his conviction on the charges in the criminal Information will make him removable from the United States. This Office agrees that, at the time of sentencing, provided your client's cooperation is ongoing and provided your client has adhered to every provision of this Agreement, this Office will inform U.S. Immigration and Customs Enforcement ("ICE") of the extent of your client's cooperation and, if deemed appropriate, request that ICE exercise its prosecutorial discretion consistent with the civil immigration priorities of ICE and decline to issue a detainer or a Notice to Appear and defer action on your client's removal. Your client understands that the decision to issue or cancel a detainer or Notice to Appear or grant or deny a request for deferred action is made by ICE alone, and that neither this Office nor the FBI has any recourse to appeal a decision made by ICE. Your client understands that ICE only defers action for a set time period (for example, one year). This Office agrees that if your client adheres to every provision of this Agreement and engages in no new criminal activity, this Office will consider requesting at the end of the set time period that ICE again defer action on your client's removal. Your client understands that the decision to grant or deny a request for continued deferred action is made by ICE alone, and that neither this Office nor the FBI has any recourse to appeal a decision made by ICE.

In addition, if your client is granted deferred action, the FBI agrees to recommend to U.S. Citizenship and Immigration Services ("USCIS") that any request for employment authorization made by your client be granted. Your client understands that the decision to grant or deny a request for employment authorization is made by USCIS alone, and that neither this Office nor the FBI has any recourse to appeal a decision made by USCIS.

This Office agrees that if, prior to sentencing, ICE issues a detainer or Notice to Appear and detains your client, the Office will consider requesting that ICE cancel said detainer or Notice to Appear and release your client until the time of sentencing. This Office's consideration of this request will depend on a variety of factors, including your client's refraining from further criminal

activity, the nature and extent of your client's cooperation provided to date, and any new information about your client's past, present, or future conduct that could be deemed relevant to making a determination of your client posing a danger to the community or his likelihood of flight. Your client understands that the decision to grant or deny a request for release from custody is made by ICE alone, and that neither this Office nor the FBI has any recourse to appeal a decision made by ICE.

### 7. Cooperation with the IRS

Your client further agrees to cooperate fully with the Internal Revenue Service ("IRS") in its civil examination and determination of income taxes related to taxes owed by him for 2008 through 2010 and further agrees not to conceal or dissipate funds or property that could be used to satisfy such taxes. To this end, your client agrees to meet with the IRS no later than prior to the time of his sentencing, and agree to assessments for the years 2008 through 2010. Your client also agrees to undertake to pay all taxes, penalties and interest found to be lawfully owed and due to the IRS for the years 2008 through 2010. Your client shall cooperate with and provide the IRS any documentation within his possession and control, other than documents subject to the attorney-client privilege, necessary for a correct computation of all taxes due and owing for the aforementioned calendar years. Nothing in this Agreement shall otherwise limit the IRS in its determination of taxes, penalties and interest or your client's rights to available process to contest such civil determination.

Your client waives the restrictions contained in 26 United States Code § 6103 on disclosure of return information to permit the Department of Justice and IRS Office of Criminal Investigations to publicly disclose information relating to this case that is not otherwise a matter of the public record. He waives any rights he may have pursuant to 26 U.S.C. § 7213, and any other right of privacy with respect to his tax returns and return information.

### 8. Court Not Bound by the Plea Agreement

It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B), the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### 9. Court Not Bound by the Non-Mandatory Sentencing Guidelines

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which

may be greater than the applicable Guidelines range. This Office cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

### 10. Restitution

In addition to the other penalties provided by law, the Court must also order that your client make restitution under 18 U.S.C. § 3663A. As part of this plea Agreement and pursuant to 18 U.S.C. §§ 3663(a)(3) and 3664(h), together with the provisions in Paragraph 5 above concerning apportioned liability, your client agrees to pay restitution to the United States as ordered by the Court. Your client understands that if your client fails to make such agreed-upon restitution that this Office may seek to void this Agreement.

Payments of restitution shall be made to the Clerk of the Court. Your client understands and agrees that the restitution or fines imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, your client understands that the schedule of payments is merely a minimum schedule of payments and will not be the only method, nor a limitation on the methods, available to the United States to enforce the criminal judgment. If your client is incarcerated and sentenced to a term of imprisonment by the Court, your client agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs the participation or imposes a schedule of payments.

### 11. Forfeiture

(a) Subject to the provisions set forth in Paragraph 5, your client agrees to the forfeiture set forth in the Forfeiture Allegation in the criminal Information to which he is pleading guilty. Specifically, subject to the provisions in Paragraph 5, your client agrees to the forfeiture of a money judgment in favor of the United States for a sum of money equal to the value of the property constituting or derived from any and all proceeds your client obtained, directly or indirectly, as a result of the violation alleged in Count One of the Information, conspiracy to commit bribery, wire fraud, and money laundering, in violation of 18 U.S.C. § 371; and the violation alleged in Count Two of the Information, bribery, in violation of 18 U.S.C. § 201(b)(1). The Court will determine the amount of the money judgment at sentencing. Subject to the provisions set forth in Paragraph 5, the Government agrees to credit toward the satisfaction of the money judgment any funds your client has forfeited to the Government prior to the time of sentencing.

(b) Your client agrees that the proffer of evidence supporting your client's guilty plea is sufficient evidence to support this forfeiture. Your client agrees that the Court may enter a preliminary Consent Order of Forfeiture for the money judgment at the time of his guilty plea or at any time before sentencing. Your client agrees that the Court will enter a Final Order Of Forfeiture for the money judgment as part of his sentence.

(c)     Your client agrees that this Agreement permits the government to seek to forfeit any of his assets, real or personal, that are subject to forfeiture under this Agreement, even though this Agreement does not specifically identify such an asset. Regarding any asset or property not identified specifically in this Agreement, your client agrees to forfeiture of all interest in: (1) any and all property constituting, or derived from, any proceeds he obtained, directly or indirectly, as the result of the violations to which he is pleading guilty; and (2) any substitute assets for property otherwise subject to forfeiture. *See* 28 U.S.C. § 2461(c) (incorporating 18 U.S.C. § 981(a)(1)(c)); 21 U.S.C. § 853.

(d)     Your client agrees that the Government may choose in its sole discretion how it wishes to accomplish forfeiture of the property whose forfeiture he has consented to in this plea agreement, whether by criminal or civil forfeiture, using judicial or non-judicial forfeiture processes. If the Government chooses to effect the forfeiture provisions of this Agreement through the criminal forfeiture process, your client agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Your client understands that the forfeiture of assets is part of the sentence that may be imposed in this case, and he waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time of his guilty plea.

(e)     Your client agrees to take all necessary actions to identify all assets over which your client exercises or exercised control, directly or indirectly, at any time since January 1, 2006, or in which your client has or had during that time any financial interest. Your client will complete and provide to the undersigned Assistant United States Attorneys a standard financial disclosure form, which has been provided to you with this Agreement, no later than two weeks after the plea hearing. Your client agrees to take all steps as requested by this Office to obtain from any other parties by any lawful means any records of assets owned at any time by your client. Your client agrees to provide and/or consent to the release of your client's tax returns for the previous three years. Your client agrees to take all steps as requested by this Office to pass clear title to forfeitable interests or property to the United States and to testify truthfully in any judicial forfeiture proceeding.

(f)     Your client agrees to waive all constitutional and statutory challenges in any manner (including but not limited to direct appeal) to any forfeiture carried out in accordance with this Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

(g)     The United States Attorney's Office agrees to make a non-binding recommendation to the Asset Forfeiture and Money Laundering Section at the Department of Justice that any monies obtained from your client through forfeiture be distributed to the victims of the offense in accordance with any restitution order entered in this case.

12. **Release/Detention**

This Office will not oppose your client's release pending sentencing. Your client acknowledges that while this Office will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. This Office may move to change your client's conditions of release if your client engages in further criminal conduct prior to sentencing or if this Office obtains information that it did not possess at the time of your client's plea of guilty and that is relevant to whether your client is likely to flee.

13. **Breach of Agreement**

Your client understands and agrees that if, after entering this Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Agreement. In the event of such a breach: (a) this Office will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) this Office will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that this Office shall only be required to prove a breach of this Agreement by a preponderance of the evidence. Your client further understands and agrees that this Office need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that this Office reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### 14. Waiver of Statute of Limitations

It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that this Office has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### 15. Witness Security

This Office agrees that, as requested by your client, this Office will take any and all appropriate and reasonable measures to address the safety concerns of your client. Should your client be ordered incarcerated, this Office will endeavor to ensure that your client is incarcerated in a facility separate and apart from that of any persons who might have reason to harm your client.

### 16. Complete Agreement

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

Ronald C. Machen Jr.
UNITED STATES ATTORNEY

By: _____
Michael K. Atkinson
Bryan Seeley
Assistant United States Attorneys

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Steven McCool, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 9/8/11

Young N. Cho
Defendant


## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 9/8/11

Steven J. McCool, Esquire
Attorney for the Defendant