# Exhibit D

**Atkinson, Michael (USADC)**

| | |
|---|---|
| **From:** | William R. Cowden <wcowden@​███████.com> |
| **Sent:** | Tuesday, August 30, 2011 3:24 PM |
| **To:** | Atkinson, Michael (USADC) |
| **Subject:** | Emailing: Cho PleaAgreement-RevisedTrackedChanges.wpd |
| **Attachments:** | Cho PleaAgreement-RevisedTrackedChanges.wpd |

Please call me to discuss any questions.  -Bill  202-███

from its obligations under the Agreement, including but not limited to its obligations to file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. § 3553(e).

Subject to your client's adherence to every provision of this Agreement, including his obligations to cooperate with this Office, this Office agrees to recommend at sentencing that the Court calculate the amount of forfeiture owed by your client based on the ~~joint and several liability of your client, Nova Datacom, and any former or current principals of Nova Datacom for the~~ proceeds retained by your client ~~and Nova Datacom arising from the conduct described in the Statement of Offense~~ as a result of his participation in the offenses charged in the Information.

Subject to your client's adherence to every provision of this Agreement, including his obligations to cooperate with this Office, this Office agrees to recommend at sentencing that the Court apportion liability for restitution to ~~reflect your client's role~~ disgorge the proceeds retained by your client as a result of his participation in the offenses charged in the Information.

6. **Immigration**

Currently your client is a lawful permanent resident of the United States but is not a United States citizen. Your client understands that his conviction on the charges in the criminal Information will make him removable from the United States. This Office agrees that, at the time of sentencing, provided your client's cooperation is ongoing and provided your client has adhered to every provision of this Agreement, this Office will inform U.S. Immigration and Customs Enforcement ("ICE") of the extent of your client's cooperation and, if deemed appropriate, request that ICE exercise its prosecutorial discretion consistent with the civil immigration priorities of ICE and decline to issue a detainer or a Notice to Appear and defer action on your client's removal. Your client understands that the decision to issue or cancel a detainer or Notice to Appear or grant or deny a request for deferred action is made by ICE alone, and that neither this Office nor the FBI has any recourse to appeal a decision made by ICE. Your client understands that ICE only defers action for a set time period (for example, one year). This Office agrees that if your client adheres to every provision of this Agreement and engages in no new criminal activity, this Office will consider requesting at the end of the set time period that ICE again defer action on your client's removal. Your client understands that the decision to grant or deny a request for continued deferred action is made by ICE alone, and that neither this Office nor the FBI has any recourse to appeal a decision made by ICE.

In addition, if your client is granted deferred action, the FBI agrees to recommend to U.S. Citizenship and Immigration Services ("USCIS") that any request for employment authorization made by your client be granted. Your client understands that the decision to grant or deny a request for employment authorization is made by USCIS alone, and that neither this Office nor the FBI has any recourse to appeal a decision made by USCIS.